CURRIN *v.* ROSS & GLASGOW.

1. Under the act simplifying proceedings at law, the defendant is allowed six days to plead as in other cases.
2. Error in taking judgment by default before the time of pleading expires, is not cured by opening the judgment on the motion of the plaintiff, unless the defendant has notice thereof.

TOMPKINS, J., delivered the opinion of the Court.

This is an action commenced by Ross and Glasgow against Currin under the act entitled an act to simplify proceedings at law for the collection of debts.

On the second day of the term the plaintiffs took judgment by default against the defendant, and on the same day the defendant moved to set this judgment aside, and for leave to file the plea of *nil debit.* This motion was overruled. On the third day of term the Court, on the plaintiff's motion, set aside the judgment by default, and the cause remained open till the 9th day of the term, when no plea being filed the plaintiff again took judgment by default. To reverse this judgment, the defendant has come into this Court.

The plaintiff in error admits that judgment by default might have been entered against him on the third day, and contends that he had all the second day to plead in. The defendants in error seem to admit that the judgment by default was taken too soon. For on the third day of the term they move to set aside their own judgment and leave the cause open till the ninth, and contend that the first error was thus cured, the other party having it in his power to come in and plead.

It does not appear that the plaintiff in error had notice that this judgment by default was set aside. The belief that the defendant was bound to plead on the second day, seems to be produced by the language of the fourth section, viz: "that the petition and summons shall not go to the rules, but the proceedings shall be had in Court, and shall be docketed the second day." The marginal note is "set for trial second (204) day." This note, (it is almost idle to say it,) is no part of the law. Surely it

Currin *v.* Ross & Glasgow.

cannot be inferred from this section of the statute that the pleadings must be made up on the second day. And it is still more extraordinary that those words should be construed to mean, "set for trial on second day." "Docketed to the second day," must mean, docketed on the second day, in order that the parties may know the trial day. In the third section it is provided, that the defendant shall appear and answer on the second day, and in the fifth section this day is called the return day.

When suits are brought in the ordinary way, that is, under the act to regulate proceedings at law, the return day is the first day of the term, and the defendant is on that day required by the language of the summons to appear and answer. In the fourth section of the last mentioned act are these words: " and such writs shall be served at least fifteen days before the return day thereof," which means the first day of the term, and all writs must be served at least fifteen days before the first day of the term. And by the fifteenth section, the defendant is allowed till the sixth day to plead. By the sixth section of the act to simplify proceedings at law, it is provided that the defendant may appear and plead, and then join issue "joined as in an action of debt on such bond or note." If the defendant be allowed to plead, he ought to be allowed time to plead; and there is no reason why he should not be allowed as much time to plead to a petition and summons, as to an action of debt, which is six days, if the term shall be so long continued, and the act itself being silent as to the time of pleading, it is but reasonable to make the rule of practice in such suits conform to the rule prescribed in the action of debt.

It is not a forced construction that the words, "as in an action of debt on such bond or note," should refer as well to the time and manner of pleading, as to the joining of issue. With this construction of the statute we are better satisfied, for two reasons: First. The Clerk is directed by the 27th section of the act to regulate proceedings at law, to set all causes for trial at least sixty days before the first day of the term, "specifying the day on which each cause is to be tried," and the witnesses are to be summoned to attend on the proper days. Thus the second day will be disposed of sixty days before the first day of the term, and for forty-five days after suits by petition and summons may be brought, and for what purpose should they be set for trial on the second day? For if any thing more than docketed on the second day is meant by the words of the 4th section " docketed to the second day," that (205) meaning must be *set for trial*, as is the marginal note.

The consequence would be, that the Clerk in setting his causes for trial, must always leave open the second day, when he might not have a single petition and summons to fill it with. It seems a reasonable construction that the Clerk should docket the causes on the second day of the term, which is the return day, and consequently the first day that the law puts them in his power; and it seems, too, that he must necessarily docket them after the causes continued from the last term. Second. It is a reasonable conjecture that the second day, or any one day, should not suffice for the suits of that kind, that might be brought in some counties.

The judgment by default seems, then, to have been improperly taken on the second day. Was the error cured by opening the cause? The plaintiff in error, for any thing appearing on the record, was not in Court, and knew nothing of it. We think the error is not cured. Had it not appeared on the record that the term of the Court continued several days longer, the decision might have been different. It may perhaps give the Court some trouble in short terms, to give effect to the law which

allows six days to plead, if the term so long continue; and also, to give the plaintiff judgment. But this cause presents no difficulty.

The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings, in conformity with this opinion.