## RHEA, CONNER & CO. V. HUGHES.

1. The mere possession and improvement of land belonging to the United States, however valuable, is not the subject of a levy under an execution; and a Sheriff is not liable, on a motion against him, for neglecting to levy on, and sell such an improvement.

Writ of error to the Circuit Court of Cherokee County.

THIS was a motion for judgment against the defendant, as sheriff of Cherokee county, on a suggestion, that he could, by the using of due diligence, have made the money on an execution issued at the suit of the plaintiffs, against Robert Bell, and which came to the defendant, as sheriff.

An issue was formed under the direction of the court, which was found against the plaintiffs.

At the trial, a bill of exceptions was taken by the plaintiffs, from which it appears, that at the time the execution was placed in the hands of the sheriff, Bell was in the possession of an improvement upon public lands, and had been in the possession of the same for four or five years. This improvement consisted of all the buildings necessary to render a family comfortable, with about ninety acres of cleared land, which the said Bell had in cultivation during the period aforesaid; it was worth four or five hundred dollars.

On this state of facts the plaintiffs required the Circuit Court to charge the jury, that if they believed the improvement was of value to Bell, although it was on lands belonging to the United States, it was nevertheless, the duty of the defendant, as sheriff, to have sold the same, in satisfaction of the execution. This charge the court refused to give, but instructed the jury, that improvements on public lands were not subject to levy and sale under execution, and that notwithstanding the jury might

be satisfied, that the improvement in question, was of the value spoken of by the witnesses, the defendant was not bound to sell it under the execution, it not being subject to sale.

The plaintiffs insist, that the charge is erroneous.

JOSHUA L. MARTIN, for the plaintiff in error.
HOPKINS, contra.

GOLDTHWAITE, J.—The facts of the case present a question entirely novel: and no authorities bearing directly on it, have met our views.

It cannot be denied, that the possession, or rather occupation, by Bell, of the public land, in the manner shown by the records, is, to some extent, beneficial to him, and we are fully aware that an interest of this description, is frequently the subject of purchase and sale. But, it is not such an interest as is capable of being sold by an execution. It is neither an estate by sufferance, at will, or for years, nor can the continued occupation of the land ever operate, so as to create a legal title. The settler has no permission from the government to enter on the lands; and any improvement made by him *may* enure, to the benefit of another, and *must*, if any other person than himself purchases the land from the United States. It is true, he has hitherto been permitted to remain, unmolested in his occupation; nay, further, by the enactment of the pre-emption acts of Congress, he is the only person permitted to purchase the land during a limited period; but this right, or rather privilege, he cannot transfer to another, and it ceases to himself, whenever he parts from the occupation by any agreement in any way or manner whatsoever. (pre-emption act of 1838.) His interest, then, in the land is a mere permission to occupy it, personal to himself and not capable of transfer, so as to give any legal right to any other person. As well might an individual, who is permitted by charity to occupy a room, or a house, be said to have a possession capable of being sold under execution.

The value which *is* attached, in common estimation, to an improvement of the description stated, arises solely from the knowl-

Rhea, Conner & Co. v. Hughes.

edge of the liberality which has hitherto been exercised by the government to this class of settlers; but, though a mere expectation of a benefit, may be the subject of sale by him who looks forward to the event; such an expectation has never been supposed to be the subject of execution at law.

The only doubt which has arisen on this case, grows out of the fact, that we have heretofore held, that an occupation of this description, could be protected by the action of trespass, but this doubt vanishes when we consider, that many legal estates in possession are not the subject of sale. Such for example, are the possessions of lands by executors and guardians: And it is conceived, that no case of mere permissive occupation, when the same cannot ripen into a legal estate, will create such an interest as can be sold under execution.

We are not unaware of the decisions in the courts of a sister State, in which it has been held, that possession is an interest in land which is bound by a judgment, and may be sold under execution, Jackson v. Panker, [9 Cowen, 73, and cases there cited] but, we consider that principle as not reaching the present case, or any other, within the rule just laid down—that a mere permissive occupation, is not the subject of sale by execution.

We arrive, then, at the conclusion, that the charge asked, ought not to have been given, and that the instructions to the jury are free from error.

Let the judgment be affirmed.