## SMITH ET ALS. v. HOGAN.

1. Where writs of *fieri facias* against the same defendant are at different times placed in the sheriff's hands, who *levied them simultaneously* on all the defendant's property in his reach, but did not sell under either, if the property is only sufficient to satisfy those, the lien of which had first attached, the sheriff is not liable to a judgment at the suit of a plaintiff in one of the junior *fi. fa's*, upon a suggestion that the money could have been made thereon by due diligence.

WRIT of Error to the Circuit Court of Coosa.

This was a proceeding by notice and suggestion under the statute against the sheriff of Coosa and his sureties, alledging that by due diligence the sheriff could have made the amount of an execution in his hands, at the suit of the defendant in error against Thomas W. and John Smith, for the sum of three thousand seven hundred and sixty-four 38-100 dollars, besides ten 12-100 dollars costs of suit.

The sheriff appeared and pleaded—1. He could not have made the money on the execution by due diligence. 2. That the plaintiff in execution, upon a notice being given him for that purpose failed to give him a bond to indemnify him for selling certain property under the execution. 3. That the land on which the execution in question was levied was not subject to the satisfaction of the same. 4. That the property levied on was not the estate of the defendant in execution. All of which are but equivalent to a denial of the suggestions.

On the trial the sheriff excepted to the ruling of the presiding Judge. It appears that the plaintiff offered to prove by the deposition of W. W. Bowdon, particular acts of the witness, relative to pointing out property, giving bond of indemnity, &c. without producing a letter of attorney, under which the witness acted, although it was admitted that the paper was in court, in the possession of the plaintiff's counsel; to this evidence the defendant objected, but his objection was overruled and it was read to the jury.

The plaintiff then proved that the bond "indemnifying the defendant for selling the goods levied on," &c. had that day been seen in his possession; under this showing the Court decided that the plaintiff might give parol evidence of the con-

tents of the paper, unless it was produced; thereupon the defendant produced the same.

The plaintiff then proposed to read the bond of indemnity to the jury, although its execution appeared to be attested by a subscribing witness, and one of the obligors executed it by attorney; to this the defendant objected, unless the bond was proved by the subscribing witness, and the authority of the attorney executing it was shown; but his objection was overruled and the paper read as evidence.

It was admitted that the title to the lands levied on by the plaintiff's execution, was in other persons, and never had been in the defendant in execution, yet the plaintiff, in despite of an objection by the defendant, was permitted to prove the value of a store house, mills and improvements situate thereon, of which defendant was in possession.

The defendant then gave in evidence sundry executions amounting to more than sufficient to cover the estimated value of the land and improvements thereon, founded on judgments of an anterior date to the plaintiff's execution, all against the same defendants. These executions were levied simultaneously with the plaintiff's, but the land had not been sold under any of the executions.

The Court charged the jury, that if they believed the defendant in execution had a possessory right, coupled with an equitable title to the lands and improvements at the time of the levy, that such possession and equitable right was subject to levy and sale by the sheriff.

The defendant prayed the Court to charge the jury, that if the defendant, as sheriff, had in his hands, at the time of levying plaintiff's execution, other executions of a prior lien against the same defendants, amounting to a sum sufficient to cover the proceeds of the sale of all the defendant's property, then the defendant was not liable to the plaintiff, although he did not sell any of the property levied on, or did not proceed further under the executions than to levy them. This charge was refused.

The jury returned a verdict as follows: "We, the jury, find that the sheriff, the defendant, could by due diligence have made the sum of eight hundred and eighty dollars and fifty cents, upon the said plaintiff's execution, in his said sugges-

Smith et als v. Hogan.

tion mentioned." The plaintiff moved for a judgment for the amount of his execution, with ten per cent. damages thereon; this motion was overruled, and a judgment rendered for the amount found by the jury, against the sheriff and certain individuals described as his sureties, with ten per cent damages on the same, together with costs. Both the sheriff and his sureties have joined in the prosecution of a writ of error.

Morris, for the plaintiff in error. A recovery against a sheriff upon a suggestion, (if any thing,) must be for the full amount of the execution which he has failed to collect, and where it is not shown that the property of the defendant in execution was of value sufficient to satisfy it, the sheriff is not chargeable on motion. Where only a part of the money could have been made on the execution, the proceedings should be for a false return under the statute, in which, if the issue should be found for the plaintiff, the judgment would be for the amount of the execution, ten per cent. damages and costs. [Aik. Dig. Act of 1826, p. 174–5.] He might also resort to a common law remedy if he thought proper.

Plaintiff's counsel cited Bacon's Ab. Tit. Stat. 652, to show that if the meaning of a statute be doubtful, the consequences are to be considered in its construction ; and that it should not be so interpreted as to be inconvenient or against reason.

The deposition of Bowdon was improperly admitted to show his acts without proof of his agency. He may have been a mere stranger, and the acts of such an one could not be allowed to charge the sheriff for want of due diligence. [May v. May, 1 Porter's Rep. 229.]

The bond of indemnity was produced without reasonable notice for that purpose—the sheriff claimed no interest under it, and in order to make it evidence its execution should have been proved.

If the defendant in execution had no title to the lands which he occupied, his possession of the houses situate thereon were not subject to sale. [Rhea, Conner & Co. 1 Ala. Rep. N. S. 219.] Much less was the equitable title subject to levy and sale by execution at law—our statute inhibits this, and declares a resort to equity to be necessary. So that if the possessory right might have been executed, the charge in respect to the

equitable title, not being authorized by any proof might have misled the jury and is objectionable on error.

Lastly, the fact of executions in the sheriff's hands of a lien prior to the plaintiff's, sufficient to exhaust the defendant's estate, is a sufficient answer to the suggestion, and show that so far as plaintiff is concerned, the want of diligence is not attributable to the sheriff. The case of King v. Bell et at. [8 Porter's Rep. 147,] is distinguishable from the present on this point; there no levies had been made, but here all the executions had been levied, a fact which secured the preference of those which first issued.

B. F. Porter for the defendant, Bowden's deposition not being set out in the bill of exceptions, the court cannot adjudge its admission erroneous. [2 Stew. Rep. 38; 4 Monroe's Rep. 129; ib. 273; 3 Rawle's Rep. 101.] The entire evidence should be set out when necessary to a correct decision, [1 J. J. Marsh. Rep. 504,] upon the principle that the party complaining must show error affirmatively. [1 Ala. Rep. N. S. 517; ibid, 582; Minor's Rep. 399; 1 Cranch's Rep. 318.]

The production of the bond of indemnity by the defendant below, relieved the plaintiff from the necessity of proving its execution, [8 Porter's Rep. 511,] and it may be questioned whether the time and manner of the notice is not so far a matter of discretion as not to be revisable on error

The letter of attorney to Bowdon was incidental only, and the authority might be proved notwithstanding its non production. [Anthon's N. P. 40; 4 Cranch's Rep. 398; 10 John. Rep. 443; 17 Mass. Rep. 160; 4 J. J. Marsh. Rep. 572; 11 Wend. Rep. 667.]

A possession coupled with a complete equity is liable to execution at law and bound by judgment. [1 John. Ch. Rep. 56–7; 16 John. Rep. 192; 18 ibid, 94; 3 Caine's Rep. 189; 9 Cow. Rep. 73.] This doctrine is not opposed by the case of Rhea, Conner & Co. v. Hughes, [1 Ala. Rep. 219.]

The prior liens of other executions is no defence to the |suggestion. [Bell v. King, 8 Porter's Rep 147.]

The seizure of personal property under execution amounts to a satisfaction *pro tanto,* unless it is defeated by the defendant himself. [9 Porter's Rep. 201; 1 Ala. Rep. N. S. 359.]

In a proceeding of this kind, the sureties of the sheriff need not be notified. [1 Ala. Rep. 207.]

COLLIER, C. J.—By a statute passed in 1820, it is enacted, " That the equitable title or claim to land, or other real estate, shall hereafter be liable to the payment of debts by suit in Chancery, and not otherwise; and when a bill shall be filed for that purpose, all persons concerned in interest, shall be made parties thereto." It may well be questioned, whether the *mere possession* of real property can be sold under execution, where the defendant has an equitable title to the same. The act cited, if it does not expressly, would seem impliedly to inhibit such a proceeding. But we will forbear the expression of an opinion on this point, as there is another on which we may, perhaps, more satisfactorily rest our judgment.

Where goods are levied on by a *fieri facias*, the defendant may plead the taking in discharge of himself, and will not be liable to a second execution, unless they were removed by his connivance or permission, so that they could not be sold. [Webb v. Bumpass, 9 Porter's Rep. 204.] This being the case, the mere levy of an execution places the property seized in the custody of the law, not subject to be taken by junior executions, so as to divest an operative levy, previously made. And if the older executions to which reference is made in the bill of exceptions, were levied simultaneously with the plaintiff's, the latter could only come in after the former were satisfied. Now it is shown by the evidence set out in the record, that the entire property levied on was not of more than value sufficient to pay the older executions, and it necessarily follows that the plaintiff has no right to complain, that the sheriff could by due diligence have made the money on his execution. If neglect is attributable to the sheriff, there is nothing in the record to show that consequences prejudicial to the plaintiff resulted; if any one can complain, it must be the plaintiff in the executions which operated a prior lien.

It is insisted for the defendant in error, that the case of Bell et al v. King, [8 Porter's Rep. 147,] is decisive of his right to recover. That was a proceeding by suggestion against the sheriff and his sureties similar to the present. The sheriff in his defence proved that at the time he received the plaintiff's

13

execution, he had in his hands two executions against the same defendant, amounting in the aggregate to a sum equal to the value of all the property in the defendant's possession. This defence was disallowed by the primary Court; and this Court say that the " preference of an older over a younger execution creditor, does not excuse the sheriff from a levy of the latter, where the property is not needed to satisfy the former, as where the creditor waives his priority, or gives day, which, in the case before us, might possibly be inferred. But without resorting to any such inference, we think it clear that a return of *nulla bona* cannot be justified by the proof of a prior lien, unless the executions creating it were actually levied." This case is obviously unlike that now before us. There no levy was made on the defendant's property by the older executions, so that it did not appear that the plaintiff in them, had any thing more than a lien in law which might never be enforced; but in the case at bar the executions were regularly levied, a circumstance which the case cited impliedly asserts would relieve the sheriff from the imputation of neglect at the suit of the junior judgment creditor.

The levy of the elder executions designated the property which was to be appropriated to their satisfaction, unless they were paid by the defendant. And the mere omission of the sheriff to proceed to a sale, according to the directions of law, cannot make the property levied on liable to the payment of a junior execution, and thus defeat a lien which existed not only in law, but had attached in point of fact.

To apply these principles to the case at bar, if the elder executions were levied simultaneously with the plaintiff's, on property of not more than sufficient value to satisfy the former, the sheriff has been guilty of no neglect which can prejudice the plaintiff, and the charge prayed by the defendant should have been given to the jury. Other questions have been argued by counsel, and are presented by the record, but as the point considered will probably be decisive of the cause, in its ulterior progress, we will not notice any other. We have only to add, that the judgment of the Circuit Court is reversed and the cause remanded.