Doe ex dem. HEYDENFELDT v. MITCHELL.

1. Where one has been in possession of land for several years, built a house and made other valuable improvements thereon, the inference is, that his occupancy is legal, and that he has such an interest as may be sold under execution. The purchaser of land thus occupied, at a sale under execution, may maintain an action to recover the possession of the occupant.

Writ of Error to the Circuit Court of Tallapoosa.

This was an action of ejectment for the recovery of the south half of section five, in township twenty-one, and range twenty-three, situate in the county of Tallapoosa. The cause was tried under the usual consent rule, on the plea of "not guilty," and a verdict and judgment rendered for the defendant. From a bill of exceptions sealed at the trial, it appears that one Taylor built a house on the land in question, and took possession thereof, in the latter part of the year 1838, and made valuable improvements thereon. Sometime afterwards, Shackleford, the father-in-law of Taylor, resided in the house with him up to the fall of 1842, or spring of 1843, when the latter left the country. The defendant also, the son-in-law of Shackleford, about the time of Taylor's removal came to reside in the house with Shackleford. The

plaintiff then produced a judgment from the Montgomery circuit court, rendered in March, 1842, against Taylor and Shackleford, in favor of the bank, and the execution and levy on which the premises were sold on the first Monday in July, 1842; and also a regularly authenticated sheriff's deed to the lessor of the plaintiff. *The court charged the jury*, that unless the evidence shewed that the defendant derived title or possession from Taylor or Shackleford, or claimed under them, the plaintiff could not recover; and unless this appeared, the possession of Taylor and Shackleford did not constitute such a legal estate, that a sale under execution affected the rights of the defendant. The plaintiff prayed the court to charge the jury, that the prior possession and valuable improvements was *prima facie* evidence of legal title in them, in the absence of proof to the contrary; which charge the court refused to give. *Further*, the plaintiff prayed the court to charge the jury, that the possession of Taylor and Shackleford, was *prima facie* evidence, that their estate was such as was subject to sale under execution; which charge the court refused to give, and instructed the jury that it was not *prima facie* evidence of title, as against the defendant, unless it appeared he claimed under Taylor or Shackleford. To the refusal to charge the jury, as prayed, and to the charges given, the plaintiff excepted, &c.

HARRIS and HAYDENFELDT, for the plaintiff in error.
W. P. CHILTON, for the defendant.

COLLIER, C. J.—It may be laid down, generally, that a mere possessory right to lands, accompanied with actual possession, may be levied on under a *fieri facias*, and sold in satisfaction of the judgment. [16 Johns. Rep. 192; 18 id. 94; 3 Caine's Rep. 189; 9 Cow. Rep. 73.] This principle is not, however, without its exceptions. In Rhea, Conner & Co. v. Hughes, [1 Ala. Rep. 219,] it was decided, that the mere possession and improvement of land belonging to the United States, no matter how valuable, cannot be levied on and sold under execution; and in Doe ex dem. Davis v. McKinney and McKinney, at June 1843, we determined, that if the possession be referable to an equitable title, the property can only be subjected to sale through the medium of a court of equity. This latter decision was influenced by the

act of 1820, which declares that the legal title only shall be sold under execution, and that the equitable estate shall be reached by suit in chancery. [See further, Smith, et al, v. Hogan, 4 Ala. Rep. 93.]

There is nothing in the record, from which it can be inferred, that the possession of Taylor and Shackleford comes within any exception to the rule stated. It is said, that they had occupied the land about four years, built a house and made other valuable improvements on it. From all this, it may be presumed, that they were not mere trespassers, but rather, that their occupancy was legal. Under this view of the case, it will follow, that the sale under execution was regular. In Doe ex dem. Davis v. McKinney and McKinney, *ut supra*, it was held, that a purchaser at a sale under execution, acquires all the legal rights of the defendant, [Jackson v. Gridley, 18 Johns. Rep. 98;] and the latter becomes *quasi* his tenant, and will be deemed to continue in that character, until an actual disseisin or disclaimer on his part. [Jackson v. Sternbergh, 1 Johns. Cases, 153; Avent v. Read, 2 Porter's Rep. 482.] If then, Taylor and Shackleford, upon being ousted, could have maintained an ejectment, the plaintiff, who, by his purchase, was substituted to all their rights, is entitled to the same remedy. This is not only a legal conclusion, from what has been said, but it is well settled upon authority, that a prior possession for a period short of that in which the statute of limitations will operate a bar, will entitle such possessor to maintain ejectment against one who has not a paramount title. [Smoot and Nicholson v. Lecatt; 1 Stew't Rep. 598; and cases there cited. See also, Stodder v. Powell, id. 287.]

It is needless to consider, with particularity, the charges given and refused by the circuit Judge to the jury; for it is clear, that the law was declared to be very different from what we have ascertained it to be. The judgment is, therefore, reversed, and the cause remanded.