## GARY v. TERRILL.

1. The declarations of one in possession of a slave, that it belongs to him, is competent testimony, in a suit where the slave was claimed by another. The weight it is entitled to, is a question for the jury, under all the circumstances of the case.

Error to the County Court of Sumter.

DETINUE by the plaintiff in error, for a slave, against the defendant, who claimed title under a sale by the sheriff, who sold the slave by virtue of an execution against Thomas P. Terrill.

From the bill of exceptions, it appeared that Thomas P. Terrill had been in the possession of the slave, from the 1st March, 1837, to about the 1st January, 1843; that he is the son of the defendant, and resided in this State, and that the defendant resided in South Carolina. That in 1836, the son went to South Carolina, and as an inducement to his mother to remove to Alabama, advanced to her about $570, to pay a debt she owed there, and in payment of the money so advanced, the defendant agreed to let her son have the use of the slave, until by his reasonable hire, the debt should be paid. That under this agreement the money was advanced, and the defendant removed with him to Alabama, about the 24th of December, 1836, and remained with him until the 1st March, 1837, when she removed to another place, and the slave went into possession of the son. That the reasonable hire of the slave, from the 1st March, 1837, to January, 1843, would have paid the money so advanced. That a few days before the levy, the slave went into the possession of the defendant, and at and before the sale it was forbid.

Plaintiff offered to prove the declaration of Thomas P. Terrell, while in possession of the slave, that it belonged to him, which the court refused to permit to go before the jury, unless made in the presence of the defendant, to which the plaintiff excepted.

Gary v. Terrill.

The plaintiff moved the court to charge, that if Thos. P. Terrill was in the unbroken possession of the slave for three years, and no written evidence of the contract duly recorded, the slave was subject to be sold for his debts; which charge the court refused, and charged, that if they believed from the evidence, that he kept possession of the slave upon a contract of hire, and upon a valuable and *bona fide* consideration, and not upon any gift or loan, three years uninterrupted possession of the slave, would not make him liable to the payment of his debts; to which the plaintiff excepted. These matters are now assigned as error.

INGE, for the plaintiff in error, cited 6 Ala. Rep. 622; 7 Id. 379; 4 Porter, 27; 1 S. & P. 220.

A. GRAHAM, of Greene, contra.

ORMOND, J.—The court erred, in excluding the evidence of the declarations of Thomas P. Terrill, in relation to his title, whilst in possession of the slave. This point has been frequently decided by this court. [Oden v. Stubblefield, 4 Ala. Rep. 40; Garey v. Frost & Dickinson, 5 Id. 636; McBride and wife v. Thompson, 8 Id. 650.]

In the case last cited, it was held, that it was allowable to prove the declarations of one in possession of personal property, to establish whether he held it in his own right, or under another, but that his declarations would not be evidence to prove the consideration paid for it. Here it was proposed to prove, that T. P. Terrill, whilst in possession of the property, claimed it as his own. The competency of such evidence, does not depend on the fact, that the declarations are made in the hearing of the opposite party, but it is because it relates to, and is connected with the possession, and is therefore a part of the *res gestæ*. It is therefore competent testimony; what weight it is entitled to, is a question for the jury, considering the declarations so made, in connection with the other facts in the cause.

For the error of the court in excluding this evidence, the judgment must be reversed, and the cause remanded.