## DOE EX DEM. COOK & HARDY vs. WEBB.

1. One in possession of land, when sued in ejectment by a purchaser under judgment and execution against him, may show that he never had such title to the premises as was the subject of sale under legal process.

2. The statute, authorising the widow to retain the possession of the dwelling house, in which her husband most usually dwelt next before his death, and the plantation thereunto belonging, until her dower is assigned her, does not invest her with such a legal title therein as can be sold under execution at law.

ERROR to the Circuit Court of Lowndes. Tried before the Hon. Geo. Goldthwaite.

THIS was an ejectment by the plaintiffs against the defendant in error to recover the possession of a lot or parcel of land described in the declaration. The plaintiffs claimed title by virtue of a purchase of the land in controversy under judgment and execution against the defendant, who was the widow of Elisha Webb, deceased, and who as such was, at the time of the purchase and the institution of this suit, in possession of the premises, her dower not having been allotted her. The plaintiffs objected to evidence introduced by the defendant to show the character of her possession, but the court overruled the objection, and the plaintiffs thereupon excepted. The ruling of the court and its charge to the jury, which will be found in the opinion, are the errors now assigned.

T. & J. WILLIAMS, for the plaintiffs in error:

1. Where the plaintiff claims title under a sale by the sheriff of the land as the property of defendant, such defendant cannot show title in another.—Jackson v. Graham, N. York Term Rep.

by Cain, 188; Scott v. Hancock, 3 S. & Port. 44; Avent v. Reid, 2 Port. 480; Lawson v. Onear, 4 Ala. 156. All these cases show that defendant in execution is estoped from disputing the validity of his own possession.

2. The action of ejectment is merely a possessory remedy, (Jackson v. Hakes, 2 N. York Term Rep. by Cain, 335,) and under our statute, the sheriff only sells such right, &c., as defendant in execution has.—Clay's Dig. 205, § 17, and see Heydenfelt v. Mitchell, 6 Ala. 70, as to mere possession of defendant. In our own courts, the first case found is that of McGee v. Eustis & Eustis, 5 S. & Port. 426. In that case defendants were allowed to show an outstanding title on two grounds. First, because one of the defendants in the action was not defendant in execution. Secondly, because it did not appear even that the defendant in execution had always continued in possession. In the case at bar the defendant was alone and always in possession. This case therefore is not against us. The case of Whitesides et al. v. Branch Bank at Decatur, 10 Ala. 249, at page 254, near bottom, Judge Collier says, "nor shall Lewis (the defendant in execution,) nor one claiming under him be allowed to defend an action by a purchaser at sheriff's sale by showing that the legal title was in some third person, so as to defeat a recovery.— See the authorities there refered to. The cases of McKinney v. Davis, 5 Ala. 719, and also, Thompson v. Ives, 11 Ala. 239, were the cases of a landlord's coming in, and he was not allowed to show any other title than one that was consistent with the possession of the defendant. So of all the other cases where landlords have come in. But in the case at bar, if defendant is allowed to show an outstanding title in another, it is allowing defendant to deny the legality of her own possession, which the landlord himself would not be permitted to do. If the landlord shows that defendant is his tenant, this shows that the possession is not unlawful by the tenant, and then when the landlord shows a better title in himself, he thus defeats the action of the plaintiff. In the case of McKinney, even there the doctrine insisted on is admitted. In the case of Land v. Hopkins, 7 Ala. 115, and Ellmore v. Harris, 13 ib. 360, the objection to the evidence was not made, and of course, the question not raised.

In no case we apprehend, where the question was raised and the objection made, was it overruled. We insist, therefore,

that when plaintiff proved defendant in possession and cultivating these lands, and they were sold to pay her debts, in an action to recover them, the court erred in permitting defendant to show that she had no title. No one appeared as landlord, and therefore all this evidence, we insist, was illegal and improper.

STONE & JUDGE, for the defendant:

1. Until dower is assigned the widow has no estate in the lands of her husband, (Weaver v. Crenshaw, 6 Ala. 873,) and such right cannot be taken in execution.—Gooch v. Atkins, 14 Mass. 378.

2. But if the court below was correct on either point, although it may have erred on the other, this court will affirm the judgment, as under no circumstances can the plaintiff succeed without reversing on both points.

CHILTON, J.—It is perfectly clear that if the defendant, Matilda Webb, had such an interest in the land as was not liable to be sold under execution, the persons who attempted to acquire it under the sheriff's sale, obtained no interest; because it would be absurd to say, that although the sheriff could sell no interest, his sale and deed should nevertheless operate such an investiture of title as would warrant ejectment against the tenant in possession.

It is indispensable to a recovery by the plaintiff in ejectment that he show such title in himself as will support the action. He must, at least, make out a *prima facie* case, from which the law would draw the inference of title, as that he, or those from whom he claims, had the prior possession of the land, before he can put the defendant upon proof of his title. If the plaintiff claim the land under a purchase at sheriff's sale, he must prove four things, namely, a judgment, execution thereon, furnishing authority to the sheriff to levy and sell, the sheriff's deed for the land, and that the defendant had such interest as, under the statutes of this State, was transmissible by such deed.

It may be sufficient to show that the defendant in the judgment was, at the time of its rendition, or between that period and the time of the levy, in the possession of the land; for in such case the presumption of ownership arises, as the law will not presume he was a trespasser; but no case has been found which

holds that the defendant may not explain the character of his possession so as to refer it to a title which cannot be sold. On the contrary we have repeatedly held, that if he is in possession, holding under a bond for title which gives him but an equitable estate, he may protect himself by proving this fact, and thus defeat the purchaser's action.—Elmore & Willis v. Harris, 13 Ala. 360; *Doe ex dem.* McKinney & McKinney v. Davis, 5 ib. 729.— See also, Whitesides et al. v. The Branch Bank at Decatur, 10 ib. 249. Were the law as contended for by the counsel for the plaintiff in error, that the defendant in the judgment, when sued by the purchaser at sheriff's sale to recover the possession, is estopped from showing that she had no such interest as was liable to be sold, persons holding land in a fiduciary character, such as executors, administrators, guardians, &c., could be turned out of possession and the execution of their respective trusts impeded, or else turned round to the Court of Chancery for an injunction. But we are persuaded that such is not the law, and it may safely be asserted as an indisputable rule, that the defendant, in such cases, may defeat a recovery by the purchaser, by showing the entire absence of such interest in the defendant in the judgment, as could be sold under execution. Such proof goes to the foundation of the plaintiff's title, and shows his sheriff's deed to be utterly worthless as a title-paper.

Let us apply the principles above stated to the case before us. The defendant was the widow of Elisha Webb, deceased. The land sued for belonged to him at the time of his death, as was admitted by the plaintiffs on the trial. The defendant retained possession of the mansion house situated upon the land, and in which her husband lived up to the time of his decease; but the plantation around and adjoining the mansion house, composing some three hundred acres, was cultivated by the hands which had been of the property of said Elisha Webb in his life-time, under the management and control of the administrator of said estate, and the proceeds of the crops raised upon the land had gone as assets into the estate of said Webb. It was shown that no dower had ever been allotted to the defendant in the lands, and that her said husband had been dead more than five years. The Circuit Court was of the opinion, and so charged the jury, that if no dower had been assigned the defendant, and the lands in controversy were of the estate of Elisha Webb, deceased,

then she had no such estate in said lands as was subject to levy and sale under execution.   The plaintiff objected to this charge, as well as to the proof upon which it was predicated.   We are clearly of the opinion that the court did not err as to either.

The statute, it is true, makes it lawful "for the widow to retain the full possession of the dwelling-house, in which her husband most usually dwelt, next before his death, together with the out-houses, offices, or improvements, and plantation thereto belonging, free from molestation and rent, until she shall have her dower assigned her.—Clay's Dig. 173, § 7.   But this mere right to occupy gives her no estate in the lands until her dower is assigned.   Such was the decision of this court in the case of Weaver & Gaines v. Crenshaw, 6 Ala. 873.   This decision we regard as a correct exposition of the law, and the principle which it establishes is fatal to the plaintiffs' case.   In Gooche v. Atkins, 14 Mass. 378, it was held that a widow's right to have dower assigned her, was not subject to be taken in execution, and we have found no case holding a different doctrine.   If our statute proceeds upon the idea of extending the widow's quarantine, as recognised by the common law, a liability to sale would seem to contravene the policy of the law which confers it; for it is said that the law in its provident care has made this provision in consideration of the destitute situation in which the widow is cast upon the death of her husband.   Be this as it may, we feel well assured that her estate is not such as can be sold under execution,—that it is but a permissive possession, determinable when the heir or person holding the fee shall elect to assign her dower and place her in possession of the specific allotment. Until then she may occupy, and may defend an ejectment brought against her to recover the land (Shelton v. Carroll, 16 Ala. 148;) she may also recover rents from a person, whom she permits to enter and rent out the premises.—Inge v. Murphy, 14 Ala 289.   All this, an occupant upon the public land may do, and more, for he may sell his claim or improvement, but it is well settled that he has no such interest as may be sold under an execution.—Rhea, Conner & Co. v. Hughes, 1 Ala. 219, which has been repeatedly recognised by subsequent decisions— see 6 Ala. 71; 13 ib. 364; 7 ib. 117.   This view of the case shows that the plaintiff cannot recover, and renders it unnecessary for us to examine the question as to the admissibility of the

will of Elisha Webb as evidence, and its effect as stated in the second charge upon the defendant's right of dower. It is perfectly manifest that the defendant was entitled to a verdict upon the title which the plaintiff exhibited, and that the plaintiff has not been injured by the admission of the will in evidence or the charge in reference to it.—Scott v. Hancock, 3 S. & Port. 44.

We have examined the several cases to which we have been refered by the counsel for the plaintiffs in error, and do not think they militate against the conclusion to which we have come.

We readily concede the law to be that the defendant in the judgment, when sued by a purchaser under the execution for the possession, cannot defeat the action by showing an outstanding title in a third party, with which he is disconnected; but that is not this case. Here the defendant shows the nature of her possession and right to occupy, by connecting herself with her late husband's title.

The record shows no error, of which the plaintiffs can take advantage, and the judgment is consequently affirmed.