## KENNINGTON *vs.* WILLIAMS.

[TROVER FOR CONVERSION OF SLAVES.]

1. *Proof of possession and ownership.*—The mere fact that plaintiff's donor, about thirty years ago, executed to him a deed of gift of the slaves in controversy in another State, with the additional fact that the slaves were then and there known to the subscribing witness of the deed, is not sufficient to authorize a recovery in trover against one who has had possession, under claim of title, for twenty-five years.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. E. W. PETTUS.

THIS action was brought by James H. Kennington against Judge S. Williams, to recover damages for the conversion of two slaves, which the plaintiff claimed under a deed of gift from Laomi Brown, who was his maternal grandfather; which deed was executed in South Carolina, on the 24th March, 1824. All the evidence is set out in the bill of exceptions, and may be thus stated. The plaintiff proved, by the deposition of his father, who was one of the subscribing witnesses to the deed, that the deed was executed at the time and place above mentioned; that witness then and there knew the slaves; that at the commencement of the suit, and from the year 1830 or 1831, said slaves were and had been in the defendant's possession; also, the various births, deaths and marriages in his family, which were material to the plaintiff's title under the deed. He then proved by two other witnesses, that defendant had had possession of the slaves, under claim of ownership, for about twenty-five years, and had acquired the possession by purchase from his brother. This was all the evidence adduced by plaintiff, except the proof of value; and defendant introduced no evidence at all. The court thereupon charged the jury, "that if they believed the evidence, they must find a verdict for the defendant;" to which charge the plaintiff excepted, and which he now assigns as error.

24

L. L. CATO, for the appellant.

JAMES L. PUGH, contra.

STONE, J.—A plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's.—1. Greenl. Ev., § 74. If he show no title himself, the defendant may rest his defense on a naked possession. When a party is found in possession of personal property, the law presumes the title to be in him, until it be shown that another has a better title. This better title may be established by proving a prior possession, which is not barred by adverse holding; or the claimant may trace his right to one who had such prior possession; or, he may, in some other way, prove a paramount title in himself. The *onus*, however, is on him : and in the absence of all opposing proof, the right is presumed to be with the oldest possession, until by adverse holding for the period prescribed by statute, both the right and the remedy are barred.—See the authorities in Cow. & Hill's notes to Phil. Ev. (3d ed.) part 1, pp. 457–8, 484–5; 1 Greenl. Ev. § 34; Doe, *ex dem.* Heydenfeldt v. Mitchell, 6 Ala. 70; Jones v. Jones, 18 Ala. 248.

In this record, there is no proof of any possession of the property in controversy, except that the defendant has had the possession for about twenty-five years, and that he obtained that possession from his brother by purchasing the property. It is argued for the appellant, that the weight and effect of the evidence should have been left to the jury. The only circumstances in evidence, on which any reliance can be placed as tending to show title or possession in plaintiff's donor, are, first, that witness *knew the mother of the slaves*, as far back as 1821. This was before defendant's possession commenced. *Knowledge* of the slaves certainly cannot tend to prove title in any particular person. Second, the fact that Laomi Brown actually conveyed these identical slaves by deed, in 1824. Acts and assertions of ownership, by a party in possession of property, can certainly be given in evidence as explanatory of the possession.—McBride v. Thompson, 8 Ala. 650; Gary v. Terrill, 9 Ala. 206; Raiford v. Upson, 29 Ala. ;

Head v. Shaver, 9 Ala. 797 ; Abney v. Kingsland, 10 Ala. 355. We have yet to learn, however, that a party can prove possession in himself, by simply *asserting* the right to convey. Such doctrine, we think, would lead to most mischievous results. The bill of exceptions informs us, that it contains all the evidence. The plaintiff claims alone under the deed of Brown, and he offered no proof that Brown ever had either the right or the possession of the property. There was, then, no evidence on this point for the jury to pass on.

The judgment of the circuit court is affirmed.

RICE, C. J., not sitting.