MARGARET J. ELLISON v. SOLOMON KITTRIDGE.

ANNIE T. HOWELL v. SOLOMON KITTRIDGE.

*Bills to clear title—Disclaimer and release of defendant's claim.*

Comp. L. § 5072 provides that in proceedings to remove a cloud from title, if complainant shall establish his own title defendant shall release all claim and pay costs, unless in answering he *has disclaimed all title* AND *given a release* to complainant, in which case the costs are discretionary. *Held* (1) that there was no discretion in a case where defendant, while disclaiming all title of the nature set forth in the bill, set up an independent title which was disproved ; (2) nor where while disclaiming he had not tendered a release.

Appeals from St.Clair. Submitted January 20. Decided January 28.

BILLS to clear title. Defendant appeals. Affirmed.

*William T. Mitchell* for complainant. Comp. L. § 5072 covers every kind of claim imperiling or damaging the value of complainant's premises: *Head v. Fordyce* 17 Cal. 149 ; *Grover v. Fox* 36 Mich. 460 ; *Haddon v. Hemingway* 39 Mich. 618.

*W. F. Atkinson & Vance* for defendant.

GRAVES, J. The complainant filed this bill under the statute to compel defendant to release a claim alleged to be set up by him to certain premises in her ownership and possession. Comp. L. § 5072. In the course of his answer he denied having made any claim and stated that as far as the mortgage specified in the bill was concerned he had always been willing to release all claim under it on request, and that he made no claim to any of the land on the strength of the mortgage, or the foreclosure thereof or the sheriff's deed. He nevertheless admitted that he had refused to quit-claim his interest for the reason that he held an inde-dependent title. The court below granted the relief author-

ized by the statute and allowed costs to complainant. Her right to the land as against defendant appears on this record to be unquestionable, and there is nothing to dispute about except costs, and when the terms of the statute are applied to the attitude of the parties and the circumstances of the case there is small chance for controversy on that question.

The statute says : " If the complainant shall establish his title to such lands, the defendant shall be decreed to release to the complainant all claim thereto, and pay costs, unless the defendant shall, by his answer, disclaim all title to such lands and give a release to the complainant, in which case costs shall be awarded as the court may deem just."

The statements of non-claim in this answer are not a disclaimer of all title, and were not so intended. On the contrary there is a distinct assertion of title adverse to that of complainant, and the proofs are all against him. The complainant has a perfect case under the statute, and the conditions are wanting to invest the court with any discretion on the question of costs.

The decree should be affirmed with costs.

The other Justices concurred.

---

GRAVES, J. The only difference between this case and *Ellison v. Kittridge* is that in this a disclaimer of title appears in the answer. The defendant neither gave nor tendered a release ; but on the contrary he took a contentious position and adhered to it. That he gave lawful occasion for complainant to file the bill appears conclusively. He obtained a satisfied mortgage on this and other lands and including premises which had been quit-claimed to himself, and went through the form of a statutory foreclosure, followed by a deed in his favor from the sheriff. There was no record evidence that the mortgage had been paid, and his proceedings created an apparent right to complainant's land. He claims the foreclosure was a proper expedient to fortify or clear up the title to his parcel and that of complainant and others,

and he insisted on his foreclosure as against complainant and the others unless they would pay him what he regarded as a proper proportion of his alleged expense.

The provision in § 5072 for giving the court discretion in decreeing costs supposes the defendant to have gone· far enough to justify complainant in filing the bill, and, consequently, far enough to make it just, in the event of his disclaiming title, to require him to take the further step and accompany his disclaimer with a release of all title to the complainant.

The disclaimer and release are the statutory preliminaries to the right to apply discretion to the question of costs, and before the defendant can ask favor under this clause of the statute he must perform these preliminaries, and if any expense is involved he must bear it. No difference is made in this respect between the cost of disclaimer and the cost of release. What the court may do concerning these items when it comes to exercise its discretion is another question. Having given ground for the bill the law offers the defendant opportunity to apply for favor on the terms of disclaiming and releasing. The complainant is not put to terms, and is under no duty or obligation to tender or pay for a release. The defendant is the only one to be benefited, and he must do what is necessary to permit the court to entertain an appeal to its discretion. No part of that burden belongs to the complainant. In the present case no release has been offered by the defendant, and his disclaimer alone is not sufficient to warrant stepping from the imperative provision to the discretionary one.

The decree must be affirmed with costs.

The other Justices concurred.