WILLIAM MOORE AND LENA M. MOORE v. EMILY E. WALLACE

(Filed September 7, 1905.)

1. REAL PROPERTY—Action to Quiet Title—Costs—Disclaimer.
Where a defendant in an action to quiet title to real estate desires
to be discharged without costs, he must file an absolute and un-
qualified disclaimer to any title or interest in the land which is the
subject matter of the action.

2. APPEAL—Evidence Not Reviewed, When. Where a cause is tried
to the court upon controverted questions of fact, and there is evi-
dence upon each material issue which reasonably tends to support
the finding of the court, such finding will not be disturbed upon the
weight of the evidence.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before
James K. Beauchamp, Trial Judge.*

*Moore & Moore* for plaintiffs in error.

*Dodson & Manatt* for defendants in error.

Opinion of the court by

BURFORD, C. J.: The defendant in error brought suit
in the district court of Garfield county against the plain-
tiffs in error, William Moore and Lena Moore. The petition
contained two causes of action. The first was to set aside a
real estate conveyance and recover damages for alleged fraud
in procuring the conveyance. The second was a suit to quiet
title. The cause was tried on the second cause of action, the
first cause being waived. To the second cause of action the

defendant, Lena M. Moore answered setting up title to the real estate in controversy, and asked for a judgment for possession. The defendant William Moore attempted to file a disclaimer; the plea is as follows: "Said defendant hereby disclaims in his own right, any interest or title on the lands as set out in the second count of said petition, and therefore prays to be discharged with costs." The cause was tried to the court and judgment was rendered in favor of the plaintiff and against both defendants, directing them to reconvey the real estate to the plaintiff within a fixed time, or on failure to so convey, that the decree of the court operate as a conveyance. The defendants were also adjudged to pay the costs.

The defendants have appealed, and William Moore complains of the judgment against him, and insists that by the filing of his disclaimer, he was entitled to be discharged without costs. Section 4778, Wilson's Stat. 1903, provides:.

"Where defendants disclaim any title or interest in land or other property, the subject-matter of the action, they shall recover their costs, unless for special reasons the court decide otherwise."

The defendant William Moore did not disclaim any title or interest in the land, but he limited his disclaimer to "any right or interest in his own right." It appeared that he was the husband of his co-defendant, Lena M. Moore, that the legal title to the land was of record in Lena M. Moore; that the plaintiff Emily E. Wallace was in actual possession and claiming that the deed was executed in pursuance of an agreement to exchange certain lands if, upon inspection, the land she was trading for was found satisfactory; that

upon making the inspection she declined to close the trade, and that Moore, who held the deed for his wife to await the result of the inspection, placed the deed of record without her consent. The defendant Moore, while disclaiming any interest in his own right, did in fact have an inchoate interest, by virtue of his marital relations, and it was such an interest as the plaintiff Wallace had a right to have divested, provided she should recover in her suit to quiet title. If he desired to be discharged without costs, he should not have limited his disclaimer to any interest held in his own right, but should have disclaimed fully and unconditionally. *Ellison v. Kittridge*, 45 Mich. 475; *DeUprey*, 27 Cal. 331.

The plaintiffs in error next contended that the judgment of the court is not sustained by the evidence. There is evidence tending to support every material fact necessary to authorize the judgment. It is true there is contradictory evidence upon some material issues, but this court cannot weigh the testimony or determine the credibility of the witnesses.

In *Craggs v. Earls*, 8 Okla. 462, this court stated the laws on this subject to be "Where a cause is tried to the court upon controverted questions of fact, and there is evidence reasonably tending to support the findings of the trial court, the findings will not be disturbed on the weight of the evidence." To the same effect are *Smith v. Spencer, et al.*, 8 Okla. 459; *Brewer et al. v. Black*, 5 Okla. 57; *Meyers Bros. Drug Co. v. Kelly et al.* 5 Okla. 118; *Light v. Canadian County Bank*, 2 Okla., 543; *The National Bank of Guthrie v. Earl*, 2 Okla. 617;

We find no prejudicial error in the record. The judgment of the district court is affirmed, at the costs of plaintiff in error.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.