## MILLER v. SEVERS.

No. 3052.   Opinion Filed June 23, 1914.

(141 Pac. 965.)

1. **EJECTMENT—Town Site—Title to Lot—Sufficiency of Evidence.** Where plaintiff introduces evidence in an action of ejectment to show that the town-site commission scheduled to William Campbell of Ada, Ind. T., lot 2 in block 93, town of Okmulgee, under section 12 of the Creek Agreement of 1901 (Act March 1, 1901, c. 676, 31 St. at L. 866), and shows by such evidence that plaintiff had the property scheduled in the name of William Campbell through his agent, Jesse H. Hill, and the plaintiff paid the general taxes, paving assessments, and the initial payment of ten per cent. of the amount due on the appraisement, and improved said property by constructing a ten-foot sidewalk in front of said lot, and had possession of the same from 1902 until 1910, at which time the defendant took possession, **held,** that such facts are sufficient to show a paramount title to said lot in the plaintiff.

2. **APPEAL AND ERROR—Verdict—Evidence.** Where a cause is tried without the intervention of a jury, upon controverted questions of fact, and there is evidence reasonably tending to support the findings of the trial court, such findings will not be disturbed on the weight of the evidence, and, when the finding is general, it includes all facts necessary to support the claims of the party in whose favor the judgment is rendered, and upon appeal this court will not review the evidence, if it reasonably tends to support the issues upon which such finding is based, to determine the sufficiency thereof.   **McCann v. McCann,** 24 Okla. 271, 103 Pac. 694.

3. **PUBLIC LANDS — Town Site — Patent to Lot—Conclusiveness.** Where a patent to a lot, issued under section 12 of the Creek Agreement of 1901 (Act March 1, 1901, c. 676, 31 St. at L. 866), has been given by the sovereignty having the right to make it, without any provision having been made in the patent, or by the law allowing a third party to inquire into its fairness, as between the grantee and the sovereignty, a third party cannot raise, in an action of ejectment, the question of fraud in the procurement of such patent.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Okmulgee County;*
*W. L. Barnum, Judge.*

Action by Frederick B. Severs against Frederick O. Miller. Judgment for plaintiff, and defendant brings error.   Affirmed.

This is an action in ejectment, commenced in the district court· of Okmulgee county, by Frederick B. Severs to recover from Frederick O. Miller the possession of lot 2 in block 93, of the original government survey of the city of Okmulgee. The lot in controversy was scheduled to William Campbell, under section 12 of the Creek Agreement of 1901, and appraised May 13, 1902, at $125; 50 per cent., or $62.50, being necessary to be paid to acquire title. The records show that the first 10 per cent. of the amount due under the appraisement was paid by Frederick B. Severs. The plaintiff alleges that the lot was scheduled by the townsite commission to William Campbell of Ada, Ind. T., and afterwards patented to him, and that the said William Campbell of Ada transferred his title by quitclaim deed to Frederick B. Severs on October 6, 1902. The defendant claims that the lot was scheduled and patented to William Campbell of Springfield, Mo., and the defendant, Miller, claims title by warranty deed, dated February 24, 1910, from William Campbell of Springfield, Mo. The testimony shows that the William Campbell of Ada, Ind. T., is W. H. L. Campbell, and that his legal residence was at Ada; that he had lived there since 1900, and had never lived at Okmulgee; that one Jesse H. Hill of Tulsa, Okla., had told him that he had, or was going to have, a lot scheduled in his name in Okmulgee, and that Hill subsequently sent him a deed which he signed to lot 2 in block 93, but that he could not remember whether the grantee in said deed was Hill or some one else; that he (William Campbell) was acting as trustee in the matter for Hill. He was presented at the trial with a quitclaim deed from William Campbell to Frederick B. Severs, conveying the lot in controversy, and stated that the name of William Campbell signed thereto was written by him, and that the handwriting filling in the blanks in the deed was Hill's; that he never at any time claimed any beneficial interest in the property. The final payment of principal and interest was made by William Campbell of Springfield, Mo., June 25, 1906. Shortly afterwards, a remittance was made to the agency of $69.30, for the purpose of paying the balance of the principal and interest on the appraisement; the blank being signed by William Campbell, with notation

on same, "My post-office address is Okmulgee, care of F. B. Severs." This remittance was returned to Severs, for the reason that the balance due on the appraisement had theretofore been paid. The patent was · issued to William Campbell, and mailed from the office of the Indian Agency May 3, 1909, and bore date of September 15, 1906, approved October 30, 1906, and filed for record by the Commissioner to the Five Civilized Tribes, November 9, 1906.

Frederick B. Severs testified that he was 75 years old; that he had been in business in Okmulgee ever since the War, which he estimated at 40 to 45 years; that he had been acquainted with the property in controversy during that time; that he had possession of the particular lot surveyed and scheduled by the town-site commission since 1902; that he told Jesse H. Hill to file on the lot; and that afterward William Campbell came and took possession of the lot in controversy.

W. J. Cook testified that he was a son-in-law of Severs; that he had looked after the paving assessments and also put in the sidewalks in front of said lot in the spring before the trial; that the street in front of the lot was paved; that Severs paid for the walk, paving assessments, and general taxes, with the exception of the year 1909; that he ascertained when he came to pay the taxes for that year that Miller had paid them.

Mr. Early testified that he was a clerk in charge of the townsite division of the Indian Agency at Muskogee, and had been such clerk since July 1, 1904; that lot 2 in block 93 was scheduled to William Campbell; that the 10 per cent. payment was credited August 4, 1902, and the balance was credited on June 25, 1906; that the original 10 per cent. payment amounted to $6.25, and was made by F. B. Severs; that the final, and interest, payment was made by John Schmock; that the receipt for such payment was made to William Campbell, care of John Schmock, Springfield, Mo.

A jury was waived by both parties in open court, and the court, having heard the evidence and argument of counsel, found:

"* * * That the plaintiff, Frederick B. Severs, is the owner of, and is entitled to the immediate possession of, that

certain lot of land in the city of Okmulgee, Oklahoma, described as lot 2 in block 93 according to the official plat and survey of the town site of Okmulgee; that the said lot was scheduled and patented, by the Creek Nation and the United States of America, to William Campbell of Ada, Indian Territory, now Oklahoma, and was by him conveyed to the plaintiff on October 6, 1902, by a deed which deed was recorded properly on July 3, 1903; that the defendant or his grantor, William C. Campbell, of Springfield, Mo., have paid the following amounts, to wit, $68.20, being the last 90 per cent. of the purchase price of said lot due the Creek Nation, which amount was paid on June 25, 1906, and $47.50 taxes for the year 1909, which amount was paid on March 12, 1910; that both of said amounts with interest from the date of their payment at the rate of 6 per cent. per annum are a proper charge upon the said lot; and that the plaintiff is not entitled to recover damages for the detention of said lot. Wherefore it is by the court ordered and adjudged that the plaintiff have judgment against the defendant for the immediate possession of the said described lot and for his costs herein; and that the plaintiff pay to the defendant the said amounts herein found to be due to the defendant for the last 90 per cent. of the purchase price of said lot and for taxes for the year 1909 with interest. * * *"

*W. W. Wood* and *W. W. Witten,* for plaintiff in error.

*Gibson & Thurman* and *Galen E. Cassity,* for defendant in error.

Opinion by RITTENHOUSE, C. (after stating the facts as above). Plaintiff in error will be designated as defendant, and defendant in error will be designated as plaintiff, in accord with their respective titles in the court below.

The gist of this action is whether the title of William Campbell of Ada, Ind. T., in and to lot 2, in block 93, in the town of Okmulgee, is paramount to that of William Campbell of Springfield, Mo. This necessarily raises the question as to the identity of the William Campbell to whom was scheduled said lot on May 12, 1902. The evidence shows that on August 4, 1902, J. Blair Shoenfelt, the then United States Indian agent at Muskogee, Ind. T., acknowledged receipt of $6.25, paid by William Campbell, care of F. B. Severs, Okmulgee, Ind. T.; the same

being the first 10 per cent. payment on lot 2 in block 93. Severs paid the taxes on said lot until the year 1909, when the defendant Miller paid the taxes for that year. Severs built a ten-foot walk in front of said lot and paid the paving assessments. William C. Campbell's first connection with this lot is in the year 1906, when he asked to have the name of William Campbell changed to William C. Campbell on the records, and on June 25, 1906, paid the 90 per cent. due on the appraisement and had the patent sent to his agent at Springfield, Mo. This was four years after the initial payment of 10 per cent. had been made by Severs on the appraisement and the same scheduled to William Campbell of Ada, Ind. T., and after Frederick B. Severs had been in possession of said lot for several years, claiming ownership. This evidence as to prior possession with a claim of ownership under color of title is evidence of title, independent of the other strong circumstances in this cause showing title. It was held, in *Mooney v. Olsen,* 21 Kan. 691:

"Possession of real estate with a claim of ownership is not only evidence of title, but is title itself in a low degree, and will descend to heirs; and prior possession with such a claim will, even in ejectment, prevail over a subsequent possession acquired by mere entry without any lawful right."

*Duffy v. Rafferty,* 15 Kan. 9; *Simpson v. Boring,* 16 Kan. 248, and cases cited; *Hollenback v. Ess,* 31 Kan. 87, 1 Pac. 275; *Winans v. Christy,* 4 Cal. 70, 60 Am. Dec. 597; Cent. Dig. vol. 17, p. 2097.

The lower court, after hearing all the evidence, decided that:

"Said lot was scheduled and patented by the Creek Nation and the United States of America, to William Campbell, of Ada, Indian Territory, now Oklahoma, and was by him conveyed to the plaintiff on October 6, 1902, by deed, which deed was properly recorded on July 3, 1903; that the defendant or his grantor, William C. Campbell, of Springfield, Mo., have paid the following amounts, to wit, $68.20, being the last 90 per cent. of the purchase price of said lot due the Creek Nation, which amount was paid June 25, 1906, and $47.50 taxes, for the year 1909, which amount was paid March 12, 1910.   *   *   *"

It is apparent, therefore, that the question of the identity of the patentee was squarely before the court, and was a controverted question of fact, and the trial court decided the question of the identity in favor of William Campbell of Ada, Ind. T., based upon evidence reasonably tending to support such decision. It has been held by this court that:

"Where a cause is tried without the intervention of a jury, upon controverted questions of fact, and there is evidence reasonably tending to support the findings of the trial court, such findings will not be disturbed on the weight of the evidence, and when the finding is general, it includes all facts necessary to support the claims of the party in whose favor the judgment is rendered, and upon appeal this court will not review the evidence if it reasonably tends to support the issues upon which such finding is made, to determine the sufficiency thereof." (*McCann v. McCann*, 24 Okla. 271, 103 Pac. 694, and cases cited.)

*Craggs v. Earls*, 8 Okla. 462, 58 Pac. 637; *Smith v. Spencer*, 8 Okla. 459, 58 Pac. 638; *Kilpatrick v. Brennan*, 14 Okla. 42, 76 Pac. 162; *Murphy v. Classen*, 15 Okla. 12, 79 Pac. 268; *Moore v. Wallace*, 16 Okla. 114, 82 Pac. 826; *Hampton v. Culberson*, 29 Okla. 468, 118 Pac. 134; *Lynch v. Halsell*, 34 Okla. 307, 125 Pac. 725, and cases cited; *Wah-tah-noh-she v. Moore*, 36 Okla. 638, 129 Pac. 877, and cases cited; *Farmers' & Merchants' Nat. Bank of Hobart v. School Dist. No. 56*, 35 Okla. 507, 130 Pac. 549, and cases cited.

The second assignment of error is that:

"Plaintiff cannot recover when it is necessary for him to prove, as a part of his cause of action, his own illegal or fraudulent transactions."

The contention of defendant is that if the patent was intended, and issued, to William Campbell, of Ada, Ind. T., in trust for Severs, then Severs committed a fraud, and he should not be permitted to assert any rights under said patent, because the whole transaction was tainted with fraud in that Severs was not entitled to file on lot 2 in block 93, under section 12 of the Creek Agreement of 1901; he having exercised his rights under said section. The defendant admitted that the patent was issued to William Campbell, and the question is not whether the

patent was fraudulently issued, but the identity of the patentee, William Campbell. It could not be contended that if a fraud had been perpetrated upon the Creek Nation or the United States, in the procuring of the patent, the defendant was injured thereby, and, if he was not an injured party to the transaction, he cannot be heard to complain of the fraud, if there be any.; nor could he set up the defense of fraud in the procurement of the patent in an action of ejectment. It was said in *Field v. Seabury,* 19 How. 323, 15 L. Ed. 650:

"Where a grant or patent for land or legislative confirmation of titles to land has been given by the sovereignty or legislative authority only having the right to make it, without any provision having been made in the patent, or by the law, to inquire into its fairness as between the grantor and grantee, or between third parties, a third party cannot raise in ejectment the question of fraud as between the grantor and grantee, and thus look beyond the patent. * * * It is a question exclusively between the sovereignty making the grant and the grantee."

See *Spencer v. Lapsley,* 20 How. 264, 15 L. Ed. 903; *Houck v. Kelsey,* 17 Kan. 333; *Chever v. Horner,* 11 Colo. 68, 17 Pac. 495, 7 Am. St. Rep. 217; *Meyendorf v. Frohner,* 3 Mont. 282; *Doolan et al. v. Carr,* 125 U. S. 618, 8 Sup. Ct. 1228, 31 L. Ed. 844, and cases cited.

This cause should therefore be affirmed.

By the Court: It is so ordered.