SCHULTE et al. v. STARRITT.

No. 28825.   Dec. 3, 1940.

Rehearing Denied Jan. 21, 1941.

Application for Leave to File Second Petition for Rehearing Denied March 4, 1941.

*110 P. 2d 611.*

W. F. Schulte and W. B. Grigsby, both of Ada, for plaintiffs in error.

Hal Welch, of Hugo, and C. T. Huddleston, of Okemah, for defendant in error.

HURST, J. Plaintiff Starritt brought this action against defendants to recover possession of certain real estate. Defendants answered by general denial, and at the trial contended, and offered evidence tending to prove, that plaintiff held the legal title as trustee for defendants. From a verdict and judgment against them, defendants appeal.

1. The first contention of defendants is that the trial court erred in instructing the jury that defendants had the burden of proving by a preponderance of the evidence that plaintiff held title to the property as trustee for them. They argue that under section 593, O. S. 1931, 12 O.S.A. § 1143, they may prove any defense, legal or equitable, under a general denial, and that as they asked for no affirmative relief, but were at all times in the position of defending the action of plaintiff, no burden at any time rested upon them.

While the question of the burden of proof, and where it rests and when it shifts, has been the subject of many conflicting decisions, and much confusion has existed in reference thereto, we think the question, in cases like the present, is now fairly well settled.

When the defendants by their answer denied the title and right to possession asserted by plaintiff, the burden of establishing that title and right of possession rested upon plaintiff. But when the plaintiff showed a prima facie right to recover, the burden of showing an equal or superior title or right of possession in themselves then rested upon the defendants. 19 C. J. 1154; 9 R.C.L. 906; 18 Am. Jur. 84. This is the general rule, and it is not changed or modified by the statute authorizing the interposition of any defense under a general denial. If the defense, whether specifically pleaded or asserted under a general denial, does not merely negative the title and right of possession of plaintiff, but seeks to avoid it by proof of a new and distinct proposition or state of facts, such defense is affirmative in its nature, and the burden of proving it rests upon the defendant. Warvelle on Ejectment, § 239; Jones, Commentaries on Evidence (2d Ed.) sec. 479.

In all the ejectment cases decided by this court, in which the question here presented was involved, the defenses of an affirmative nature were set out in the answer, but the rule announced above was followed. See Hutchison v. Brown, 66 Okla. 250, 167 P. 624; Jordan v. Jordan, 62 Okla. 171, 162 P. 758; Byrne v. Kernals, 55 Okla. 573, 155 P. 587; Reid v. Reid, 115 Okla. 58, 241 P. 797. The fact that in those cases the affirmative defenses were specifically pleaded when they could have been asserted under a general denial, did not add any affirmative quality to their nature. They were affirmative defenses, and it was not material whether they were specifically pleaded or whether they were asserted under a general denial.

In replevin cases, which are analogous in that all defenses may be asserted under a general denial, the rule above announced has been repeatedly followed where the affirmative defense was asserted under a general denial. Nelson v. Bradfield, 97 Okla. 259, 223 P. 380; Payne v. McCormick Harvesting Mach. Co., 11 Okla. 318, 66 P. 287; De Hart Oil Co. v. Smith, 42 Okla. 201, 140 P. 1154.

Certainly the application of this rule worked no hardship upon defendants. Plaintiff, in order to prevail in the action, was not required to establish perfect title in herself. All that was necessary was proof of a title or right superior to that of defendants. Blanchard v. Reed, 67 Okla. 137, 168 P. 664; Sires v. Parriott, 106 Okla. 244, 233 P. 748;

456

Moore v. Barker, 186 Okla. 312, 97 P. 2d 776. After plaintiff established by her evidence right of possession in herself, she was entitled to judgment for possession, unless defendants then showed an equal or superior right of possession in themselves. To place upon plaintiff the burden of disproving any defense which defendants might produce would be most unjust, for plaintiff might not be advised of the nature of such defense until defendants produced their evidence. Plaintiff necessarily had to rely on the strength of her own title and right of possession. If the preponderance of the evidence was with plaintiff, she was entitled to recover, otherwise not, since the burden of the whole case was at all times on the plaintiff to show a right superior to the claim of defendants.

While defendants contend that the instructions on the burden of proof were confusing and contradictory, they requested no instruction on that point. Examination of the instructions convinces us that, considered as a whole, they fairly submitted to the jury the controversy between the parties, and correctly stated the principles of law applicable thereto. Defendants may not now assert error in this respect. Huffman v. Huffman, 168 Okla. 39, 31 P. 2d 576.

We conclude that the trial court properly instructed the jury on the burden of proof, and that this contention of defendants is without merit.

2. Defendants' second proposition is that plaintiff's evidence clearly establishes that her deed from her grantor was taken by her in violation of our champerty statute, section 1940, O. S. 1931, 21 O.S.A. § 548. Defendants argue that it is clear that plaintiff's grantor had not been in possession nor had he taken the rents and profits for the space of one year prior to the grant, and by reason of this the deed is clearly champertous. The answer to this is that plaintiff also offered proof, which was believed by the jury as is evidenced by the general verdict for plaintiff, that defendant was not holding adversely to them, but was holding as a tenant. Moore v. Kelly, 57 Okla. 348, 157 P. 81.

Judgment affirmed.

BAYLESS, C. J., and RILEY, OSBORN, and GIBSON, JJ., concur. DAVISON, J., not participating. WELCH, V. C. J., and CORN and NEFF, JJ., absent.