STEPHENS et al. v. ROBERTSON et al.

No. 30363.    March 17, 1942.

Rehearing Denied April 21, 1942.

*124 P. 2d 732.*

R. A. Howard and Champion & Champion, all of Ardmore, for plaintiffs in error.

Williams & Williams, of Ardmore, for defendants in error.

BAYLESS, J. This action was instituted in the district court of Carter county by Tom Robertson et al., trustees for the use and benefit of Sunset Lodge No. 85, A. F. & A. M. (Col.) of Ardmore, Okla., against Ben Stephens, Jennie Rogers, and Stephens Lodge No. 1, by the filing of a petition wherein it was alleged that plaintiff lodge was the owner of certain described real estate, that the defendants were wrongfully in possession thereof, that plaintiff was entitled to have its title affirmed and to have possession. Stephens Lodge No. 1 disclaimed, and Jennie Rogers, the tenant, filed a general denial. Ben Stephens filed a verified general denial, and later filed a supplemental answer wherein he alleged that the deed whereunder plaintiff lodge claimed title was a forgery, that plaintiff lodge had never been in possession of the property, and that there was no consideration for the deed under which plaintiff lodge claimed.

The evidence is that Jennie Rogers is in possession as a tenant, paying $3 per month rent, and that such tenancy is her only claim to the property. The bulk of the evidence introduced related to the plaintiff lodge and Ben Stephens. Ben Stephens was formerly a member of the plaintiff lodge, and was treasurer thereof. By virtue of that position he had some charge of the property involved, which seems to have been claimed as the property of plaintiff lodge and to have been so considered for some years. However, plaintiff lodge became beset with financial difficulties, many of its members dropped out. Ben Stephens quit and assisted in the organization of another lodge. He testified that in the course of looking after this property following the collapse of plaintiff lodge, it came to his attention that the deed from Caroline Jefferson to the plaintiff lodge was perhaps a forgery. Taking this into consideration, and believing that perhaps the new lodge might be the legal successor of the older lodge, and believing that anyone had as good title as plaintiff lodge, he

quit accounting to plaintiff lodge for the rent coming from this property. He testified: "It don't belong to nobody," and in response to a question as to who owned the property, he said: "I don't know."

Judgment was rendered for plaintiff lodge for possession, and, after striking a balance in the accounts of Ben Stephens, against Ben Stephens for $60 and against Jennie Rogers for $30.

In his brief, Ben Stephens assumes this is an action to quiet title, and taking this as a premise he argues that plaintiff must show a good and substantial title, and may not rely on its opponent's weakness of title, in order to prevail. Marshall v. Ward, 167 Okla. 183, 28 P. 2d 1091, and other cases. Following this same thought, he also argues that the action was tried according to equity procedure, and this court will weigh the evidence and will not be bound by the trial court's judgment as though it was based on the verdict of a jury. Seifert v. Seifert, 82 Okla. 230, 200 P. 243, and other authorities. He asks us to weigh the evidence.

We are of the opinion these contentions are not correct. The pleadings might be construed to be broad enough to involve an issue of title, since plaintiff lodge asked to have its title affirmed, had Ben Stephens claimed any title himself. Therefore, plaintiff lodge was only bound to show such title as gave it a better claim to possession than Ben Stephens. Plaintiff lodge was at one time in possession of this property, through its agents including Ben Stephens, under claim of a deed, which is color of title, and this is sufficient to entitle it to prevail over those who later took possession without any claim of title. Miller v. Severs, 42 Okla. 378, 141 P. 965, and later Oklahoma cases. It is obvious from Ben Stephens' own testimony, which is uncontradicted, that he took possession of this property as an officer and agent of plaintiff lodge, and on a later occasion when he had information that caused him to doubt the title of plaintiff lodge, he ignored its rights thereafter and claimed possession without claiming title or the right to possession from anyone with a superior title to that of plaintiff lodge.

The other propositions of law argued by Ben Stephens relate to the issue of fact of the validity of the deed held by plaintiff lodge. It is sufficient to say that plaintiff lodge had a deed to this property, and recorded it. Since Ben Stephens does not claim title to this property, the validity of plaintiff's deed does not concern him. There is no occasion to discuss these contentions further.

Jennie Rogers has joined in the appeal, and the petition in error and brief of plaintiffs in error are joint, but nothing is said in the brief to show why the judgment against her is erroneous other than what was said on behalf of Ben Stephens.

The judgment is affirmed.

CORN, V. C. J., and RILEY, GIBSON, HURST, and ARNOLD, JJ., concur. WELCH, C. J., and OSBORN and DAVISON, JJ., absent.