## STARRITT v. SCHULTE et al.

No. 30617. Jan. 25, 1944.

145 P. 2d 177.

Turner M. King and Carloss Wadlington, both of Ada, for plaintiff in error.

W. F. Schulte, of Ada, for defendants in error.

ARNOLD, J. On the 15th day of December, 1936, Clemmie Starritt filed an action of ejectment against W. F. Schulte et al. The trial resulted in a judgment in favor of the plaintiff, and the defendants appealed. Thereafter, on December 3, 1940, this court affirmed the judgment of the trial court, the opinion being in 188 Okla. 454, 110 P. 2d 611. On April 2, 1941, the mandate was spread of record. Immediately thereafter the defendants filed a request for benefits of the Occupying Claimants' Act. On May 9, 1941, the trial court, after hearing evidence, took the matter of granting the defendants the benefits of the act under advisement. On July 5, 1941, the court found that the improvements made by the defendants were in good faith and under color of title, and that by reason thereof they were entitled to the benefits of the act. The defendants demanded a jury

trial on the issue of the value of the improvements. Immediately thereafter the plaintiff demanded that a jury be impaneled at once, which request the court denied and ordered that the jury would be impaneled at the next regular jury docket.

On the same date, July 5th, the plaintiff filed motion for new trial. On July 30th, said motion for new trial was overruled, to which order the plaintiff saved exception and gave notice of appeal to this court.

The defendants in error (defendants below) filed this motion to dismiss the appeal based upon three grounds: (1) That the case-made was not served, signed, and settled within the time required by law; (2) no notice of appeal was given from the order granting the defendants in error the benefits of the Occupying Claimants' Act at the time said order was made on July 5, 1941, or within ten days thereafter; (3) that plaintiff in error waived her right of appeal by demanding immediate impaneling of a jury after defendants in error were given the benefits of the Occupying Claimants' Act by the court.

In compliance with the order of this court entered November 16, 1942, the parties have briefed the question of whether or not the order of July 5, 1941, is such a final order as is appealable to this court in the absence of a full and complete assessment of the value of improvements under the provisions of the Occupying Claimants' Act. A determination of this question is determinative of the motion to dismiss this cause and the other propositions urged will not be discussed.

By 12 O. S. 1941 § 1483 ( a part of the Occupying Claimants' Act), it is provided:

"The court rendering judgment in any case provided for by this article against any occupying claimant, shall, at the request of such occupying claimant, for the benefit of the provisions of this article, cause an entry to be made upon the journal of such request, and shall at once set a day for the trial of the

right of such occupying claimant to compensation for all lasting, valuable and permanent improvements made by such occupying claimant, or those under whom he claims upon the premises, prior to the issuing of summons in the cause; and at such trial each party shall produce his evidence relating to such improvements, and the court shall make specific findings of fact on all matters relating to the right of such occupying claimant to compensation for such improvements, and shall find specifically whether such improvements were made in good faith and under color of title and whether the occupying claimant is entitled to the benefit of this article, which findings shall be entered at length upon the journal, and if the court shall· find that the occupying claimant is entitled to compensation for such improvements, it shall at once appoint three disinterested freeholders. . . . Provided, that if either party deem himself aggrieved by such assessment of values or findings of the court, he may, upon motion and proper showing, obtain a new trial as in other cases under the code of civil procedure of this State."

By section 1485 of the act it is also provided that after the values referred to in section 1483, supra, have been determined and it shall appear that the value of the improvements exceeds the value of the rents and damages, the court shall enter judgment that the successful party pay to the clerk, for the use and benefit of the occupying claimant, the amount of such excess before the writ of ouster shall issue. It is further provided therein

" . . . That if either party shall deem himself aggrieved by the judgment and shall desire to contest either or both the findings of the court or the appraisement of the appraisers or the jury herein provided for, by appeals or otherwise, to a higher court, and the successful claimant shall execute an undertaking to the occupying claimant in double the amount of the excess in value as found by the appraisers or the jury, with good and sufficient surety to be approved by the clerk of the court, conditioned that he will pay such excess with interest from the date of the judgment, if the judgment be affirmed by the appellate court, then the writ of ouster shall, at the request of the successful claimant issue at once."

There are no other provisions of the act relative to the right of appeal of either party from a determination of the question of the right to the benefits of the act or the amount awarded thereunder. Construing these two sections together, it is our conclusion that the Legislature contemplated but one judgment and therefore but one appeal. Though the wording of these sections of the statute under all the circumstances may be unusual, and somewhat confusing, it does not appear reasonable that the Legislature intended that two appeals should be taken, one to contest the determination of the right to the benefits of the Occupying Claimants' Act and the other to contest the amount of recovery. All errors saved and shown by the record may be reviewed on appeal from the final order contemplated. The determination of the right to the benefits of the act is a necessary precedent to the right of recovery of a money judgment for excess value under the act, and there is no final order in such a proceeding where there has been a determination that the one occupying the premises is entitled to the benefits of the act until there is a determination of the value of the permanent improvements made in good faith and in addition to a determination of the amount of rents due and damages and waste suffered and judgment entered as provided. This being true, there has never been a final or appealable order entered in this case. Both parties concede the general rule applicable in such an instance, and this cause must therefore be, and the same is, dismissed.

CORN, C. J., GIBSON, V. C. J., and RILEY, BAYLESS, WELCH, and HURST, JJ., concur. OSBORN, J., absent. DAVISON, J., not participating.