Herman JEFFERS, Jim Cole and E. M.
Norris, Trustees, of the Star Bethel
Baptist Church, Plaintiffs in Error,

v.

W. E. EDGE, Defendant in Error.

No. 36810.

Supreme Court of Oklahoma.

March 27, 1956.

788

Lon Kile, Hugo, for plaintiffs in error.

James Bounds, Hugo, for defendant in error.

### PER CURIAM.

The parties occupy the same relative positions as in the trial court and will be referred to herein as they there appeared.

The substance of plaintiff's pleadings and brief reflects that this is an action to quiet title to real property based upon quitclaim deeds from the only surviving heirs of deceased persons to plaintiffs and to reform a warranty deed executed by one Milton Wilson, since deceased, to School District No. 17, Choctaw County, since consolidated with Independent School District No. 3 of said County, it being alleged that by mutual mistake and scrivener's error, the land conveyed was misdescribed. There were several parties defendant, but since the case was not at issue as between plaintiffs and any of said defendants except the defendant, W. E. Edge, only the issues between plaintiffs and said defendant Edge were tried.

Defendant filed answer and cross petition alleging, among other things, ownership of the realty involved based on a resale tax deed to Choctaw County, thereafter acquired by virtue of a county deed by W. A. Carley, and thereafter acquired by said defendant.

The case was tried to the court without intervention of a jury. At the close of all testimony, the court rendered judgment for defendant as against plaintiffs as to the ownership of the realty, from which judgment plaintiffs bring this appeal.

The record discloses that plaintiffs are the trustees of the Star Bethel Baptist Church; that one, Milton Wilson, now deceased, by intestate succession was the owner of the NE¼ of the SW¼, Section 29, Township 7 South, Range 16 East, having inherited the E½ thereof from his wife, Louisa Wilson, and the W½ thereof from his son, James Wilson; that immediately prior to September 4, 1915 the School Board of School District No. 17, Choctaw County, and the said Milton Wilson went upon said land and selected a site on which to build a schoolhouse; that thereafter, on September 4, 1915, a warranty deed was executed to said School Board by Milton Wilson, conveying one acre out of the NE¼ of the E½ of the NE¼ of the SW¼, Section 29, Township 7 South, Range 16 East. Such deed, in addition to the usual clauses, contained the following recitation:

"The purpose of this deed being to convey the above described land to said school district for the use and benefit of a separate or colored school and for no other purpose. The above described land is a part of the allotment of James Wilson, deceased, a Choctaw Freedman, who died April 15, 1914, and this conveyance is made by him, the father of said James Wilson, deceased, Louisa Wilson, mother of the said James Wilson, deceased, died in 1907, prior to the death of the said James Wilson."

The description in the deed did not conform to the site selected. Some time after the execution of the above deed, the schoolhouse was built on the site selected by the School Board and Milton Wilson, this site being in the northeast corner of the W½ of the NE¼ of the SW¼, and is the same one acre of land as involved in this action. School was held in said schoolhouse at all times until 1953, when School District No. 17 became consolidated with Independent School District No. 3, and said school property ceased to be used as a separate or colored school. On January 4, 1954 Independent School District No. 3, by and through its board, sold the schoolhouse of District No. 17 to the community of Star Bethel, represented by plaintiffs, a condition of the sale being that the building be moved within thirty days. At such meeting decision was reached to sell the one acre tract in District No. 17 at the School Board's next meeting. However, the sale of such realty was never made by the

School Board. On April 15, 1954 and on April 21, 1954, plaintiffs herein obtained two separate quitclaim deeds from the purported sole and only heirs of Milton Wilson, deceased, both of which quitclaim deeds conveyed to plaintiffs the land involved in this action, and on which the heretofore referred to schoolhouse was built. Church services had been conducted in said schoolhouse for thirty-five years prior to this action and plaintiffs were in possession at time of trial.

On May 15, 1930, and while school was being held by School District No. 17, in the property herein involved, the W½ of the NE¼ of the SW¼ of Section 29, Township 7 South, Range 16 East, was sold to Choctaw County by re-sale tax deed, and on September 2, 1930 a county deed was executed conveying said property to one W. A. Carley, and thereafter, on August 2, 1954, W. A. Carley and his wife conveyed said premises to the defendant, W. E. Edge. On August 1, 1928, by reason of a sheriff's deed, executed as a result of foreclosure of mortgage proceedings, the E½ of the NE¼ of the SW¼ of Section 29, Township 7 South, Range 16 East, was conveyed to one Eglantine Burroughs, and thereafter acquired by the defendant through mesne conveyances.

In presenting this appeal plaintiffs rely upon five specifications of error.

The first two deal with the validity of the tax deed held by defendant. On that we observe that the property involved herein had been used for school purposes by School District No. 17 from 1915 to the year 1953, at which time School District No. 17 was consolidated with Independent School District No. 3 and said property then ceased to be used for school purposes. In 1930 it was sold for taxes, at which time it was being used for school purposes. While defendant makes certain admissions he denies plaintiffs have any rights of ownership in the property, contending that under the conveyance by Milton Wilson no reversionary right existed, and cross petitions to have his title quieted in him, based upon his tax deed.

■ We think it is immaterial whether or not the schoolhouse located on this property was erected on the property conveyed or on the site selected. It is undisputed that a certain one acre tract was selected as a school building site and that the deed purporting to convey said site described a one acre tract in an adjoining twenty acres. It is an academic rule of law in this jurisdiction that "in the absence of a license, which precludes the possibility of a claim of adverse possession, or the execution of an agreement in accordance with the law granting the right of occupancy for a fixed period," the placing of a school building and other necessary appendages on the land of another, building a fence around the same and conducting school and social functions thereon is evidence of adverse and hostile possession, under which title may be claimed after fifteen years. James v. Union Graded School Dist. No. 2, 201 Okl. 573, 207 P.2d 241.

■ Likewise, we are committed to the rule, that in ascertaining whether or not property is exempt from taxation under the provisions of the Constitution, the purpose for which such property is used is the determining factor, and as was said by this court in the case of Cox v. Dillingham, 199 Okl. 161, 184 P.2d 976, 977, Syllabus No. 2, "The constitutional provision exempting from taxation 'property used exclusively for schools' is self-executing. No legislation is necessary to effect its purpose, nor may the exemption therein granted be impaired, limited, or destroyed by legislation." In Syllabus No. 3 of that same case we also said, "If, by reason of the constitutional exemption, property is not taxable county officials have no jurisdiction or power to levy a tax against the same, and any levy so made is void. * * "

Making note of, but not deciding, we are inclined to the view that as between the School District and the defendant Edge, the tax deed upon which defendant bases his title is void.

There is considerable discussion in the briefs as to whether or not any reversionary right exists in favor of plaintiffs. In our

view of the case this question is not ·material. The grantors of plaintiffs had a claim of title based on the contention that their intestate died seized and possessed of a reversionary interest in said property. Since the defendant acquired no interest in the property under the void tax deed he is not in position to contest this claim, and we believe the School District is competent to care for itself and protect its own interests. The School District, not being a party to this appeal, and such action still pending in the lower court as against it, the ultimate rights of the plaintiffs as against the School District are not involved, and it becomes unnecessary to determine whether or not the grantors of plaintiffs acquired any interest in the property.

█ We have consistently held that one in possession of real property under a claim of right may maintain an action to quiet title against one who is shown to be a claimant without title. See Byrne v. Kernals, 55 Okl. 573, 155 P. 587; Schulte v. Starritt, 188 Okl. 454, 110 P.2d .611; Stephens v. Robertson, 190 Okl. 460, 124 P.2d 732. .

While it may be contended that the possession of plaintiffs was at most a permissive possession from the School District, it is undisputed that they had carried on church services on said property ·for a period of thirty-five years and were doing so at the time of the trial.

█ Under the rules set forth in the cases hereinabove cited the plaintiffs had such possession as to entitle them to bring the action. The defendant can only prevail upon his cross-petition upon the strength of his own title and not upon the weakness of his adversary's. Schulte v. Starritt, supra, and Stephens v. Robertson, supra.

█ Defendant, never having acquired any title to the real property, was not entitled to affirmative relief, and the plaintiffs, having been in the peaceable possession of the property under a claim of title when the action was brought, the judgment, so far as defendant is concerned, must be reversed.

The judgment of the trial court is reversed and remanded with directions to proceed with the trial of said cause in accordance with the views herein expressed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner JEAN R. REED, and approved by Commissioners JAMES H. NEASE and J. W. CRAWFORD, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.